IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORRIE HILL, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : |
| | : NO. |
| PENTAGROUP FINANCIAL, LLC | : |
| a Texas limited liability company, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related issues of state law.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant, PENTAGROUP FINANCIAL, LLC, is a limited liability company organized under the laws of the State of Texas. [Hereinafter, said Defendant is referred to as "PENTAGROUP"]

6. PENTAGROUP transacts business in this state.

7. PENTAGROUP's transactions in this state give rise to the Plaintiff's cause of action.

8. PENTAGROUP is subject to the jurisdiction and venue of this Court.

9. PENTAGROUP may be served by personal service upon its registered agent in the State of Texas, to wit: Ransom Lummis, 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

10. Alternatively, PENTAGROUP may be served by personal service upon an authorized agent at its principal place of business in the State of Texas, to wit:  5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

11. Alternatively, PENTAGROUP may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Texas.

## FACTS COMMON TO ALL CAUSES

12. PENTAGROUP uses the mails in its business.

13. PENTAGROUP uses telephone communications in its business.

14. The principle purpose of PENTAGROUP's business is the collection of debts.

15. PENTAGROUP regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

16. PENTAGROUP is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

17. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PENTAGROUP communicated with

Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

18. In or around July 2010, PENTAGROUP left a series of telephone messages for Plaintiff requesting a return call.

19. In the messages, PENTAGROUP did not meaningfully disclose its identity.

20. In the messages, PENTAGROUP did not state that the communications were from a debt collector.

21. In the messages, PENTAGROUP did not state that the communications were an attempt to collect a debt.

22. Defendant's communication violates the Fair Debt Collection Practices Act.

23. Defendant's communications violate various provisions of Texas' Finance Code.

24. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

26. Defendant's violations of the FDCPA include, but are not limited to, the following:

27. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

28. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

29. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

30. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: TEXAS FINANCE CODE

31. Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

32. Failing to state in the recorded telephone messages that each of the communications was an attempt to collect a debt and that

any information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

33. Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

34. Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, § 392.304(19).

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages for each such violation, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded statutory damages;

    b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)  That the Court declare each and every defense raised by Defendant to be insufficient; and

d)  That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/S/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax